UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROHAN ANTHONY JOHNSON,

        Petitioner,

   - against -                                 MEMORANDUM AND ORDER
                                               14-CV-145 (RRM) (SMG)
PONCE DE LEON FEDERAL BANK, N.A.,
MARIO PASTORINO, TANNY FASHION,
INC., GIOVANNI L. ESCOBEDO, JOHN AND
JANE DOES 1–50,

        Respondents.
------------------------------------------------------------X
MARIO PASTORINO and PONCE DE LEON
FEDERAL BANK, N.A.,

        Counterclaimants,

   - against -

ROHAN ANTHONY JOHNSON,

        Counter-Defendant.
------------------------------------------------------------X

      Plaintiff seeks reconsideration of this Court's April 9, 2014 Memorandum and Order dismissing this action. See Doc. No. 16. Plaintiff's request is denied.

      Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Butto v. Collecto Inc.*, 845 F.Supp.2d 491, 494 (E.D.N.Y. 2012) (quoting *Trans-Pro Logistic Inc. v. Coby Electronics Corp.*, No. 05-CV-1759 (CLP), 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010)) (internal quotation marks omitted). A party requesting reconsideration must adduce controlling law or facts that were overlooked by the Court that might materially have influenced its conclusion. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Perez v. New York City Dep't of Corr.*, No.

10-CV-2697 (RRM) (RML), 2013 WL 500448, at *1 (E.D.N.Y. Jan. 17, 2013). Moreover, "[a] motion for reconsideration may not . . . be used as a vehicle for relitigating issues already decided by the Court." *Webb v. City of New York*, No. 08-CV-5145 (CBA), 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011) (quoting *Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001)). Plaintiff's request does not demonstrate any clear error, highlight a change in controlling law, or present new evidence. *See Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F.Supp.2d 143, 147 (E.D.N.Y. 2010). Nor does the letter establish that reconsideration is necessary to prevent manifest injustice. *Id.* As such, plaintiff's request for reconsideration of the Memorandum and Order dated April 9, 2014 is denied.

A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Memorandum and Order, to petitioner and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
July 3, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge